UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:11-CR-22-GFVT-HAI |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| CHRISTOPHER K. FORD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is a Motion to Dismiss United States' Petition to Revoke Defendant's Conditional Supervised Release. D.E. 48. On November 3, 2011, Defendant was sentenced to thirty-three months of imprisonment following his guilty plea to manufacturing a mixture or substance containing a detectable amount of Dimethyltryptamine (DMT), a schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by an unlawful user of controlled substance, in violation of 18 U.S.C. 922(g)(3). D.E. 29. Defendant began a three-year term of supervised release on August 14, 2013.

On June 30, 2015, the United States Probation Office ("USPO") issued a Supervised Release Violation Report ("the Report") alleging two violations of the condition requiring that Defendant "shall not commit another federal, state or local crime." Specifically, the Report alleges, in Violation #1, that Defendant sold three ounces of marijuana to a confidential source in April 2015, in violation of 21 U.S.C. § 846. Moreover, in Violation #2, the Report alleges that, due to Defendant's prior drug conviction, such conduct constitutes possession of marijuana in violation of 21 U.S.C. § 841(a), a class E felony. The most serious violation is a Grade A

violation, resulting in a Guidelines Range of 24-30 months, which becomes 24 months pursuant to the statutory maximum revocation term in 18 U.S.C. § 3583(e)(3).

The Court, following a preliminary hearing, found that the Government had established probable cause to believe that Defendant committed the charged violations. D.E. 45. The matter was set for a final hearing on revocation of supervised release on November 18, 2015. D.E. 47. On September 29, 2015, Defendant filed a Motion to Dismiss United States' Petition to Revoke Defendant's Conditional Supervised Release. D.E. 48.

Defendant argues that his Fifth Amendment equal protection rights have been violated as a result of selective prosecution. D.E. 48-1 at 5. According to Defendant, the prosecutorial policy of the United States Department of Justice regarding marijuana prosecutions, as described in the August 29, 2013 "Memorandum for All United States Attorneys" from Deputy Attorney General James M. Cole ("Cole Memorandum"), violates equal protection because it allows the Department of Justice "to prosecute marijuana violations of the [Controlled Substances Act] for any reason it so desires." *Id.* at 7. Defendant argues that the Department of Justice's "selective adherence to the Cole Memo results in Defendants being prosecuting [sic] differently by the [Department of Justice] across the United States, creating a sentencing disparity for Defendants accused of violating state and federal marijuana laws[.]" *Id.* at 5. For the reasons that follow, the Court **RECOMMENDS** that Defendant's Motion be **DENIED**.

## I. LEGAL FRAMEWORK

The Motion expressly relies upon case law concerning selective prosecution. Thus, although the selective prosecution theory presented is difficult to discern from the briefing, that law is where the Court begins its analysis. "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought

the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). The Supreme Court has stated that "'the presumption of regularity supports' [the Attorney General and United States Attorney's] prosecutorial decisions and, 'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" *Id.* at 464 (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)). "'So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file…generally rests entirely in his discretion.'" *Id.* (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). However, a prosecutor's discretion is restricted by constitutional constraints such as the equal protection component of the Due Process Clause of the Fifth Amendment. *Id.* (citing *Bolling v. Sharpe*, 347 U.S. 497, 500 (1954)). Therefore, "the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id.* (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)).

The Sixth Circuit has set forth three elements of an equal protection claim based on selective prosecution:

> First, [the state actor] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, he must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

*Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir. 1997) (quoting *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991)). These requirements must be established by clear and convincing evidence. *See United States v. Smith*, 231 F.3d 800, 808 (11th Cir. 2000).

A discriminatory purpose "'implies that the decision maker…selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects

3

upon an identifiable group.'" *Wayte v. United States*, 470 U.S. 598, 610 (1985) (quoting *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979)) (internal quotation marks omitted). In order to establish discriminatory effect, a defendant must show that similarly situated individuals of a different classification (race, religion, or other arbitrary classification) were not prosecuted. *See Armstrong*, 517 U.S. at 465. A "similarly situated individual" is

> One who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan and against whom the evidence was as strong or stronger than against the defendant.

*United States v. Correa-Gomez*, 160 F.Supp. 2d 748, 751 (E.D. Ky. 2001) (quoting *Smith*, 231 F.3d at 810).

## II. ANALYSIS

Here, Defendant has failed to meet his burden to establish any of the elements of a selective prosecution claim. Defendant argues that the "Cole Memo itself is *prima facie* evidence that the [Department of Justice's] marijuana enforcement policy has a discriminatory effect and purpose." D.E. 48-1 at 6. However, he has not identified how the Memorandum is discriminatory in any form. Contrary to Defendant's assertions, on its face, the Cole Memorandum is not discriminatory in effect or purpose. It provides that it is "intended solely as a guide to the exercise of investigative and prosecutorial discretion," and in no way alters the "authority to enforce federal law, including federal laws relating to marijuana, regardless of state law." D.E. 48-2 at 4. The Memorandum simply describes eight enforcement priorities to guide

the enforcement of the Controlled Substances Act.[1]  *Id.* at 1-2.  These priorities apply to all marijuana-related enforcement activity without any discriminatory language or limitations.  It plainly appears from the Memorandum that "[t]he establishment of these priorities and enforcement of the law in accordance therewith are entirely rational exercises of prosecutorial discretion."  *United States v. Heying*, No. 14-CR-30 (JRT/SER), 2014 WL 5286153, at *15 (D. Minn. August 15, 2014).

Moreover, Defendant has failed to allege what identifiable group he is a member of that is being targeted for prosecution, or identified any similarly situated persons who have not been prosecuted because they belong to a different group.  Defendant cites statistics from the Drug Enforcement Administration that indicate marijuana seizures have dramatically decreased over the last two years.  *See* D.E. 48-4 at 2.  However, the statistics do not provide the Court with any evidence of how persons similarly situated to Defendant are being treated.  Moreover, the statistics are not indicative of any impermissible motivation by the Department of Justice in the prosecution of marijuana charges.  They simply illustrate a decrease in marijuana seizures and, presumably, a shift in enforcement policy as outlined in the Cole Memorandum, but there is no evidence that shift is due to discrimination.

Defendant is correct that he does not appear to fit into one of the eight policy guidelines from the Cole Memorandum.  He then argues that non-discriminatory implementation of the Cole Memorandum would leave his conduct subject to enforcement only under Kentucky state law, which in Defendant's case would mean a Class A misdemeanor, reducing his charges to

---

[1] The eight policies are: 1) preventing the distribution of marijuana to minors; 2) preventing revenue from the sale of marijuana from going to criminal enterprises, gangs, and cartels; 3) preventing the diversion of marijuana from states where it is legal under state law in some form to other states; 4) preventing state-authorized marijuana activity from being used as a cover or pretext for the trafficking of other illegal drugs or other illegal activity; 5) preventing violence and the use of firearms in the cultivation and distribution of marijuana; 6) preventing drugged driving and the exacerbation of other adverse public health consequences associated with marijuana use; 7) preventing the growing of marijuana on public lands and the attendant public safety and environmental dangers posed by marijuana production on public lands; and 8) preventing marijuana possession or use on federal property.  D.E. 48-2 at 1-2.

Grade C violations, and lowering his Guideline Range from 24 months to 6-12 months. D.E. 48-1 at 5. He claims that because he will never be directly charged with violations of the Controlled Substances Act, the current charges should be premised upon state law only. He alleges that "the evidence clearly demonstrates [Defendant] is being singled out and selectively prosecuted by the [Department of Justice] because the [Department of Justice] has a policy to not enforce marijuana violations of the [Controlled Substances Act] in circumstances such as the Defendant's." D.E. 48-1 at 9. However, this is a mischaracterization of the Cole Memorandum because the Memorandum clearly states that it does not alter the authority of the United States Attorney's "to enforce federal law, including federal laws relating to marijuana, regardless of state law." D.E. 48-2 at 4. Just because Defendant does not fit into one of the Cole Memorandum policy guidelines does not mean that he is the victim of impermissible discriminatory practices as the result of the pending charges being premised on violation of the Controlled Substances Act instead of Kentucky State law.

Because Defendant has failed to establish, or even allege, that he is a member of an identifiable group, he necessarily cannot meet the first requirement of establishing a selective prosecution claim. Moreover, Defendant has failed to establish that the Cole Memorandum, on its face or as applied to him, has either a discriminatory effect or purpose. Thus, Defendant's claim of selective prosecution fails.

### III. CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss United States' Petition to Revoke Defendant's Conditional Supervised Release (D.E. 48) be **DENIED**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of that statute. Pursuant to § 636(b)(1) and Federal Rule of Criminal Procedure 59(b), any party may serve and file written objections to any or all portions for de novo consideration by the District Court. The parties should consult the aforementioned statute and rule for specific appeal rights and mechanics. Failure to object in accordance with Rule 59(b) waives a party's right to review.

In the absence of any pending objections to this Recommended Disposition, Defendant's final hearing on supervised release violations will proceed on November 18, 2015, at 1:00 p.m. at the United States Courthouse in London, Kentucky.

This the 5th day of November, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge