UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:11-CR-22-GFVT-HAI-1 |
| | ) | |
| CHRISTOPHER K. FORD, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

The Court, on referral (D.E. 37), considers reported violations of supervised release conditions by Defendant Christopher Ford. District Judge Van Tatenhove entered a judgment against Defendant on November 3, 2011, for the manufacture of a mixture or substance containing a detectable amount of dimethyltryptamine (DMT), a schedule I controlled substance and for possession of firearms by an unlawful user of a controlled substance. D.E. 29. Defendant was sentenced to thirty-three months of imprisonment followed by three years of supervised release. *Id.* Defendant began his supervised release term on August 14, 2013.

On June 30, 2015, the USPO issued a Supervised Release Violation Report ("the Report") charging Defendant with two violations of his conditions of supervision, and secured a warrant from Judge Van Tatenhove. The Report alleges, in Violation #1, that Defendant violated the condition of his release requiring him to "not commit another federal, state, or local crime." Specifically, the Report alleges that on two occasions in April 2015, law enforcement from the Somerset Police Department purchased a total of three ounces of marijuana from Defendant

through a confidential source. The Report alleges that the two transactions occurred at Defendant's residence and at least one of the transactions was video recorded. The Report alleges that this conduct constitutes conspiracy to distribute marijuana, a schedule I controlled substance, in violation of 21 U.S.C. § 841, all in violation of 21 U.S.C. § 846, a class D felony. This is a Grade A violation. Further, based on these factual allegations, the Report also charges, in Violation #2, Defendant with a second violation of the same condition that he not commit another federal, state, or local crime. The Report reasons that, due to Defendant's prior drug conviction, Defendant's conduct constitutes simple possession of marijuana in violation of 21 U.S.C. § 844(a), a class E. felony. This is a Grade B Violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on July 6, 2015, and set a preliminary hearing. D.E. 41. Following the preliminary hearing, the Court determined that the government had established probable cause to believe Defendant committed the offenses outline in the Report. D.E. 45. The United States moved for detention. After a hearing, the Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

On September 29, 2015, Defendant filed a motion to dismiss the alleged violations. D.E. 48. Defendant argued that, by pursuing these alleged violations, the government is engaging in selective prosecution violating his equal protection rights. On November 5, 2015, the Court issued a recommended disposition recommending that District Judge Van Tatenhove deny Defendant's motion to dismiss. D.E. 52.

At the final hearing on November 19, 2015, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 55. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. *Id.* Further, for purposes of Rule 32.1

2

proceedings, Defendant admitted the factual basis for the violations described in the Report.  The United States thus established Violations #1 and #2 under the standard of § 3583(e).

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District.  Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis.  Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction.  Defendant's convictions pursuant to 21 U.S.C. § 841 and 18 U.S.C. § 922 were Class C felonies.  *See* 21 U.S.C. § 841; 18 U.S.C. § 922; 18 U.S.C. § 3559.  For a Class C felony, the maximum revocation sentence provided under § 3583(e) is two years of imprisonment.  *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven.  *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).  Under § 7B1.1, Defendant's admitted conduct would qualify as a Grade A violation with respect to Violation #1 and a Grade B violation with respect to Violation #2.  Given Defendant's criminal history category of IV (the category at the time of the conviction in this District) and a Grade A violation, *see* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's Range, under the Revocation Table of Chapter 7,

3

would be twenty-four to thirty months.   However, pursuant to §7B1.4(b)(1), because the maximum term of imprisonment upon revocation pursuant to § 3583(e)(3) is two years, the Guidelines Range becomes twenty-four months.

Based on Defendant's stipulation to the charged violations, the parties indicated that the United States agreed to argue for a term of imprisonment of no greater than eighteen months. Therefore, the United States argued for revocation and eighteen months imprisonment to be followed by one year of supervised release.   According the United States, eighteen months is sufficient but not greater than necessary because Defendant's conduct represents a severe breach of the Court's trust, Defendant's return to trafficking in controlled substances represents a significant danger to the public, and a term of imprisonment is necessary to protect the public and adequately deter criminal conduct.   However, the United States stated that a downward departure from Defendant's Range is warranted because he was successful on supervised release for two years before these violations, was supporting his family by maintaining a job, and has expressed a desire to distance himself from drugs.

Defense counsel recommended revocation, that Defendant be credited with time served, and released.   Defense counsel further recommended that Defendant be placed on supervised release for a year subject to more stringent conditions, such as random USPO searches of Defendant's residence.   In support of this recommendation, Defendant presented the testimony of Defendant's former employer, Phillip Stith.   Mr. Stith testified that Defendant was an "exemplary" worker during his time of employment and that, upon release, Defendant would be able to return to work.   Defendant also presented the testimony of Christina Fox, the director of a substance abuse program at the Pulaski County Detention Center.   Ms. Fox indicated that her program functions like an inpatient substance abuse center, that Defendant voluntarily enrolled

4

in the program, and has taken on a leadership role. She stated that she has had the opportunity to work closely with Defendant, and that he is making good progress in the program. Moreover, she stated that she does not believe that Defendant poses a risk to the public if released. Finally, she testified that Defendant is participating in a GED program and had completed another substance abuse recovery program at the facility.

In further support of his recommendation, defense counsel argued that the factual circumstances that formed the basis for the state violations would not lead to any significant term of imprisonment if charges were brought in state court. According to defense counsel, the five months imprisonment the Defendant has already served would surpass any amount of time that would be imposed on state charges. Moreover, defense counsel asserted that it was the policy of the Department of Justice to not enforce the marijuana related offenses of the Controlled Substances Act unless certain stringent guidelines are met. Therefore, defense counsel asserted that Defendant's conduct here would not have been prosecuted if he was not on supervised release. Thus, according to defense counsel, to sentence Defendant to a substantial term of imprisonment would result in a significant sentence disparity between him and similarly-situated defendants. Finally, defense counsel pointed out that Defendant is voluntarily participating in multiple programs at the detention center, demonstrating a significant commitment to change.

At the outset, the Court notes that Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant's release because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of § 3583(g)(1). *See United States v. Metcalf*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation

5

was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection.").  Similarly, §7B1.3(a)(1) requires revocation, but is not binding.

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the § 3583(e) analysis, as well as the Guidelines Range. The Court has carefully weighed the nature and circumstances of the offense and Defendant's particular history and characteristics.  The nature and circumstances of Defendant's underlying conviction are very serious.  *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release).  The manufacture of drugs involves inherent and attendant dangers to any community.   Specifically, the underlying circumstances in Defendant's case indicate that Defendant was deeply involved in a drug culture that involved the manufacture, use, and trafficking of varying drugs, and possessed firearms while addicted.

Defendant's history and characteristics include repeated unlawful behavior.  Defendant has multiple convictions for driving under the influence and possession of marijuana.  Moreover, Defendant, while on supervised release, has returned to trafficking in a schedule I substance, which indicates a severe lack of appreciation for the seriousness of his actions. This conduct constitutes a significant danger to the public at large and, therefore, a significant term of imprisonment is necessary to protect the public and deter criminal conduct.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue.  *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a

limited degree, the seriousness of the underlying violation and the criminal history of the violator.")  The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into § 3583(e).

Defendant has breached the Court's trust in a significant and particularly worrisome manner.  Supervisees, in this Court's experience, rarely return to trafficking in a schedule I controlled substance while on supervised release.  This represents among the most serious breach of the Court's trust imaginable.  It is clear from Defendant's actions that his original term of imprisonment was not enough to instill an appreciation for the seriousness of his conduct.  A lengthy term of imprisonment is therefore warranted.

Ultimately, the Court recommends revocation and a term of imprisonment of eighteen months.  Because such a sentence deviates from the Guidelines Range, the Court "must adequately explain the chosen sentence—including an explanation of *any deviation* from the Guidelines range.'"  *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  The Court is also required to "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'"  *Id.* (quoting *Gall*, 552 U.S. at 50).  Finally, the Court must state "'the *specific reason* for the imposition of a sentence different from that described [in the applicable Guidelines or policy statements.]'"  *Id.* (quoting 18 U.S.C. § 3553(c)(2)).

Defendant's evidence and statements in allocution indicate a commitment to improve his conduct and to change his habits.  His voluntary participation in the programs at the detention center shows a commendable initiative to change.  Moreover, through the testimony of Ms. Fox and Stith, it is clear that he has a strong motivation to conform his conduct in order to be able to support his family and to experience being a father to his young child.  The Court finds that this

7

commitment to change justifies a six month downward departure from Defendant's Guidelines Range. However, the Court finds that any further downward departure would result in too great of a sentencing disparity given Defendant sold marijuana while on release. Defendant is advised that any further violations will likely result in the statutory maximum.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Defendant's conviction under 21 U.S.C. § 841 carried no maximum term of supervised release, so there is no maximum here either. 18 U.S.C. § 3583(h). The Court recommends that a supervised release term of one year be re-imposed following imprisonment subject to all the previously-imposed conditions of release.[1] Defendant has demonstrated a commitment to change and a term of supervised release will help him to follow through on that commitment and prove that it is genuine.

Based on the foregoing, the Court **RECOMMENDS** revocation and a term of imprisonment of eighteen months to be followed by a one year term of supervised release under the same conditions previously imposed.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

---

[1] Although requested by defense counsel as a re-imposed condition, Defendant's prior term of supervised release included a search condition. *See* D.E. 29 at Special Condition 4.

8

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.  *See also* 18 U.S.C. § 3401(i).  As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.  Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 23rd day of November, 2015.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge