Eastern District of Kentucky
**FILED**
DEC 16 2015
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>CHRISTOPHER K. )<br>FORD )<br>)<br>Defendant. | Criminal No. 11-22-GFVT<br><br><br><br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Before the Court are two Recommended Dispositions [R. 56] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant in this case, Christopher Ford, is charged with two violations of his supervised release, including conspiracy to distribute marijuana and commission of another federal crime. [*Id.* at 1-2.] At Ford's preliminary hearing on July 6, 2015, Judge Ingram found probable cause to believe the violations set forth in the Report prepared by the United States Probation Office. [*Id.* at 2.] On September 29, 2015, Ford filed a Motion to Dismiss, arguing that his Fifth Amendment equal protection rights had been violated as a result of selective prosecution. [R. 48 at 5.] Ford maintained that the United States Department of Justice's prevailing policy regarding marijuana prosecution allows the Government to prosecute—or decline to prosecute—violations of marijuana laws "for any reason it so desires," creating a "sentencing disparity for Defendants accused of violating state and federal marijuana laws." [*Id.* at 7.] Judge Ingram rejected this argument, noting that an equal protection claim premised on selective prosecution requires evidence of a "discriminatory

purpose" aimed at an "identifiable group." [R. 52 at 3-4.] The Magistrate emphasized that the Department of Justice's policy was merely advisory and applied to "all marijuana-related enforcement activity without any discriminatory language," and that Ford had "failed to allege what identifiable group he is a member of that is being targeted for prosecution." [*Id.* at 4-5.]

At Ford's subsequent and final hearing on November 19, 2015, the Magistrate found that Ford had "competently entered a knowing, voluntary, and intelligent stipulation to the charged violations." [R. 56 at 2.] The Magistrate later filed the present Recommended Disposition, in which he recommended revocation of Ford's supervised release, a term of imprisonment of 18 months, and an additional 1-year term of supervised release. [*Id.* at 7.] Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in determining the recommended sentence. He noted that "the underlying circumstances in [Ford's] case indicate [he] was deeply involved in a drug culture that involved the manufacture, use, and trafficking of varying drugs," and that Ford had "multiple convictions for driving under the influence and possession of marijuana." [*Id.* at 6.] Judge Ingram further recognized, however, that Ford "was successful on supervised release for two years before these violations, was supporting his family by maintaining a job, and has expressed a desire to distance himself from drugs." [*Id.* at 4.] In light of these and other factors, the Magistrate concluded that a downward departure was warranted.[1] [*Id.* at 7.]

Generally, this Court must undertake a *de novo* review of those portions of a magistrate's recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's

---

[1] The Magistrate found that, "pursuant to §7B1.4(b)(1), because the maximum term of imprisonment upon revocation pursuant to § 3583(e)(3) is two years, the Guidelines Range becomes twenty-four months." [R. 56 at 4.]

factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has carefully examined the record and agrees with each of Magistrate Judge Ingram's Recommended Dispositions.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Dispositions [**R. 52 and 56**] as to Defendant Christopher K. Ford are **ADOPTED** as and for the Opinion of the Court;

2. Ford's Motion to Dismiss [**R. 48.**] is **DENIED**;

3. Ford is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

4. Ford's Supervised Release is **REVOKED**;

5. Ford is **SENTENCED** to the Custody of the Bureau of Prisons for a term of eighteen (18) months with a term of twelve (12) months of supervised release to follow under the same conditions originally imposed; and

6. Judgment shall be entered promptly.

This 16th day of December, 2015.



Signed By:
Gregory F. Van Tatenhove
United States District Judge